2022 IL App (2d) 210216-U
No. 2-21-0216
Order filed May 19, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 13-CF-17 |
| MICHAEL S. RECK, | ) ) | Honorable Michael E. Coppedge, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Bridges and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant did not show good cause for failing to pursue his motion to appoint counsel on his petition for relief from judgment under section 2-1401. Defendant did not seek a ruling on, or even mention, the motion in the months between its filing and the trial court's ruling on the section 2-1401 petition. As defendant abandoned the motion, we do not consider whether the trial court erred in failing to rule on it.

¶ 2    Defendant, Michael S. Reck, appeals from the judgment of the circuit court of McHenry County denying his petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)). He contends that the trial court erred by failing to rule on his motion for

appointment of counsel on the section 2-1401 petition. Because defendant abandoned his motion to appoint counsel by failing to seek a ruling thereon, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4       Defendant pled guilty in 2013 to one count of predatory criminal sexual assault (720 ILCS 5/11-1.40(a)(1) (West 2012)), two counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2012)), and one count of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(b) (West 2012)). The court sentenced him to a total of 45 years in prison. He filed neither a motion to withdraw his guilty plea nor an appeal.

¶ 5       On September 20, 2019, defendant filed a petition for relief from judgment (735 ILCS 5/2-1401 (West 2018)), alleging that his conviction of predatory criminal sexual assault was void *ab initio* because the statute he was convicted under was improperly enacted. Along with his section 2-1401 petition, defendant filed a motion for appointment of counsel. On September 25, 2019, the trial court appointed counsel.

¶ 6       On December 13, 2019, defendant appeared in court with appointed counsel and moved to withdraw his section 2-1401 petition. The trial court granted defendant's motion to withdraw.

¶ 7       On September 14, 2020, defendant filed a new section 2-1401 petition. He again alleged that his conviction of predatory criminal sexual assault was void *ab initio*. He also filed a motion to appoint counsel.

¶ 8       On September 23, 2020, the State appeared in court, but the defendant was not present. The trial court noted that defendant had filed a section 2-1401 petition and gave the State time to respond. Neither the State nor the court mentioned defendant's motion to appoint counsel.

¶ 9       On October 7, 2020, the State moved to dismiss defendant's petition, asserting that it was untimely and barred by waiver and *res judicata*. On October 16, 2020, the State appeared without

defendant present. The trial court set the matter for October 30, 2020, and ordered that defendant was to appear via video conference. There was no mention of defendant's motion to appoint counsel.

¶ 10     On October 30, 2020, defendant appeared via video conference. The trial court noted that defendant had filed a section 2-1401 petition and that the State had filed a motion to dismiss. The court allowed both parties to argue. The court denied the motion to dismiss and set a briefing schedule on the petition. Defendant did not mention his motion to appoint counsel or object to proceeding without counsel.

¶ 11     On March 17, 2021, the trial court held a hearing on defendant's section 2-1401 petition where defendant was present via video conference. After hearing arguments from each side, the court took the matter under advisement and stated that it would issue a written ruling later. Again, defendant did not seek a ruling on his motion to appoint counsel or object to proceeding without counsel.

¶ 12     On March 22, 2021, the trial court issued a written order denying defendant's section 2-1401 petition. The order noted that (1) defendant had filed a prior section 2-1401 petition in 2019 and a motion for a court-appointed counsel, (2) counsel had been appointed, and (3) defendant had later withdrawn the 2019 petition. The order further stated that, in September 2020, defendant had filed a second petition. However, the order did not mention defendant's September 2020 motion to appoint counsel.

¶ 13     Defendant did not seek reconsideration of the court's March 2021 ruling or raise any issue regarding his motion to appoint counsel. Defendant, in turn, filed this timely appeal.

¶ 14                                        II. ANALYSIS

¶ 15     On appeal, defendant contends that the trial court committed reversible error when it failed to rule on his motion to appoint counsel before ruling on his section 2-1401 petition.  The State responds that, among other things, defendant abandoned his motion to appoint counsel by failing to seek a ruling on it.

¶ 16     A petitioner seeking to collaterally attack a judgment has no constitutional right to the assistance of counsel.  *People v. Stoecker*, 2020 IL 124807, ¶ 35.  Additionally, a petitioner seeking relief under section 2-1401 has no express statutory right to counsel.  *Stoecker*, 2020 IL 124807, ¶ 36.  Accordingly, a trial court is not obligated to appoint counsel in connection with a section 2-1401 petition.  *Stoecker*, 2020 IL 124807, ¶ 36.  However, a trial court has the discretionary authority to appoint counsel in such a proceeding.  *Stoecker*, 2020 IL 124807, ¶ 36.

¶ 17     Here, in September 2020, defendant filed a section 2-1401 petition along with a motion to appoint counsel. It is undisputed that the trial court never ruled on the motion to appoint counsel. However, we need not consider whether this was an abuse of discretion, because defendant abandoned his motion to appoint counsel by failing to seek a ruling.

¶ 18     A party filing a motion is responsible for requesting that the trial court rule on it. If there is no ruling, the motion is presumed to be abandoned, absent a showing otherwise.  *People v. Haywood*, 2016 IL App (1st) 133201, ¶ 25; see also *People v. Johnson*, 159 Ill. 2d 97, 123 (1994) (the defendant's failure to pursue his motion for substitution of judge in the four months from its filing to the beginning of trial, where there was no good cause for the inaction, constituted abandonment of the motion).

¶ 19     Defendant never sought a ruling on his motion to appoint counsel before the trial court's ruling in March 2021 denying the section 2-1401 petition.  Indeed, he never even mentioned the motion after filing it.  At the October 30, 2020, hearing on the State's motion to dismiss the

petition, where defendant appeared *pro se* by video conference, he did not mention his motion to appoint counsel. He also appeared *pro se* via video conference at the March 17, 2021, hearing on the merits of his section 2-1401 petition, yet, again, he did not mention the motion to appoint counsel. He also did not object to proceeding *pro se* at either of those hearings. Further, after the trial court denied his petition on March 22, 2021, defendant never motioned to reconsider or otherwise addressed that the court had failed to rule on his motion to appoint counsel. By failing, throughout the proceedings, to seek a ruling on his motion to appoint counsel, defendant abandoned that motion.

¶ 20 Nor has defendant shown good reason why he did not pursue a ruling on his motion to appoint counsel. He asserts that he had limited opportunity to interact with the trial court. He appeared only twice via video conference and was directed to respond to the State's contentions regarding his petition. However, he was free to seek a ruling on his motion to appoint counsel. Throughout the case, defendant filed several documents. That demonstrates that he knew how to access the court and had ample opportunity to request a ruling on his motion to appoint counsel. Further, the two hearing transcripts show that defendant was unhindered from mentioning his motion to appoint counsel and seeking a ruling. Thus, he has not shown good reason for failing to pursue the motion.

¶ 21 Because defendant abandoned his motion to appoint counsel, we need not decide whether the trial court erred in failing to rule on the motion or, if it did, whether any such error was harmless.

¶ 22                                    III. CONCLUSION

¶ 23 For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 24 Affirmed.